ALLEN, J.,
delivered the opinion of the Court.
The deed of marriage settlement duly executed by the parties and their trustees before marriage, recited amongst other things that it hath also been agreed, that in case the said Charles should after the intended marriage happen to survive the said Martha, that he should not claim any part of the real or personal estate whereof the said Martha should be seised or possessed or entitled to at any time during the coverture between them; and that the said real and personal estate of said Martha *should be in no wise ■ under the control of. the said Charles, nor in any manner or at any time subject to his debts. The deed then proceeds to grant the property of the intended wife to the trustee, and by the declaration of trust the separate and exclusive use of the property is secured to the wife; the trustee was to permit her to dispose of it by will or otherwise and to convey the property to such appointee or alienee: but in the declarations of trust there is no express provision excluding the husband in the event of his surviving, and in default of any appointment or disposition by the wife. And it is contended that by operation of law the husband surviving is entitled in virtue of his marital rights, to take the property, as she did not dispose of it or appoint the uses to which it should be applied after her death. The rights of the husband to the property of his intended wife may be intercepted by his agreement to that effect; and where by express contract, for which the marriage is a sufficient consideration, he agrees to surrender his rights to the'' enjoyment of the property during the coverture, and his right to take as survivor, there remains nothing to which his marital rights can attach during the coverture or after the death of the wife. In such case the wife is to all intents to be regarded as a feme sole in re,spect to such property; and there would seem to be no necessity for any limitation over to her next of kin in the event of a failure to appoint during her lifetime. The husband having bj contract for a good consideration released his rights as survivor, the property must pass as though she had died sole and intestate. That such was the intent of the parties in this case is clear from the deed. The contingency of his surviving was foreseen, and the agreement as recited in the deed.signed by all the parties provided for it. Bj- that agreement so recited, he bound himself not to claim the property should he happen to survive his wife. There is nothing to indicate *an intention to restrict the claim as against the appointees of the wife. The expressions refer not to persons against whom he would not claim, but to the subject as to which in that contingency he released all claim; and to show more clearly that such was the intent of the agreement, it is furthermore recited that the property was not to be under his control, ,or in any manner or at any time *643 subject to his debts, not restricting* the time to the continuance of the coverture.
Having thus by contract intercepted the marital rights of the husband either to enjoy during coverture or to take by survivor-ship; and this intention appearing on the face of the deed, it was only necessary that the declarations of trust should provide for the control and authority of the wife during the coverture. And the property, if not disposed of, passed to her personal representative for the benefit of her next of kin, as if no marriage had ever taken place, and she had died sole and intestate.
The right of the husband to administer depending on the question whether in virtue of the marital right he is entitled to the property, and as by the agreement recited in the deed of settlement he relinquished and renounced such rights, his motion to administer was properly overruled, and the administration granted to the ap-pellee, one of the distributees of the deceased. The order should be affirmed.
CURTESY.
I. Definition.
II. Requisites.
A. In General.
B. Seisin of the Wife.
C. Birth of Issue-West Virginia.
HI. Nature and Incidents.
A. Curtesy Initiate.
B. Curtesy Consummate.
IV. Instates Subject to Curtesy.
A. In General — Must Be Estate of Inheritance, fí. Determinable "Estates.
C. Wife's Equitable Separate Estate.
D. Wife's Statutory or Legal Separate Estate.
V. How Curtesy Defeated.
A. By Divorce.
B. By Desertion.
C. By Antenuptial Contract.
D. By Husband’s Joining* in Wife's Conveyance.
E. By Instrument Creating* Wife's Estate.
F. By Wife’s Devise.
Cross Reference to flonographic Note.
Dower, appended to Davis v. Davis, 25 Gratt. 587.
I. DEFINITION,
“When a man takes a wife seized during* the cover-ture of an estate of inheritance, legal or equitable, such as that the issue of the marriage may by possibility inherit it as heir to the wife, has issue by her born alive during the coverture, and the wife dies, the husband surviving has an estate in the land for his life, which is called an estate by the curtesy. 2 Bl. Com. 126.” Breeding v. Davis, 77 Va. 639; 2 Min. Inst. (4th Ed.) 114.
“Curtesy is the estate to which by common law a man is entitled, on the death of his wife, in the lands or tenements of which she was seised in possession in fee simple, or in tail during their coverture, provided they have had lawful issue born alive which might have been capable of inheriting the estate.” Breeding v. Davis. 77 Va. 639.
West Virginia. — Under the present (1899) Code of West Virginia, “if a married woman die seized of an estate of inheritance in lands, her husband shall be tenant by the curtesy in the same. An estate by the curtesy in the lands of which a married woman may hereafter die seized, shall exist and be held by her husband therein, whether they had issue born alive during the coverture or not.” W. Va. Code 1899, ch. 65, 115, p. 666; Alderson v. Alderson, 46 W. Va. 242, 33 S. E. Rep. 228. But the former statute, W. Va. Code 1868, ch. 65, § 15, as amended by Acts 1872-3,. ch. 207, § 2, providing that “if a married woman die seised of an estate of inheritance in lands, her husband shall be tenant by the curtesy in the same,” did not dispense with any of the four common-law requisites of curtesy: marriage, seisin of the wife, issue born alive and death of the wife, but was only declaratory of the common law. Winkler v. Winkler, 18 W. Va. 455; Pulton v. Johnson, 24 W. Va. 95.
II. REQUISITES.
A. IN GENERAL.
Curtesy Initiate. — The requisites of curtesy initiate are marriage, seisin of the wife during coverture and birth of issue alive. Breeding v. Davis. 77 Va. 639.46 Am. Rep. 740; Porter v. Porter, 27 Gratt. 599.
Curtesy Consummate. — In order to entitle the husband to an estate by the curtesy consummate, the above requisites must exist and the death of the wife in the husband’s lifetime must also occur. Breeding v. Davis, 77 Va. 639, 46 Am. Rep. 740; Muse v. Friedenwald, 77 Va. 57; Carpenter v. Garrett, 75 Va. 129; Porter v. Porter, 27 Gratt. 599.
B. SEISIN OP THE WIPE.
Necessity for Actual Seisin. — Seisin in law of the wife is not sufficient to invest the husband with an estate as tenant by the curtesy. Nothing short of seisin in fact or actual seisin will effect this. Carpenter v. Garrett, 75 Va. 129; Pulton v. Johnson, 24 W. Va. 95; Stuart v. Stuart, 18 W. Va. 675.
By virtue of a decree of confirmation of a judicial sale of vacant and unoccupied lots or lands, the purchaser has, by construction of law, such possession as amounts to such seisin in fact as will entitle the husband of the purchaser to curtesy in the lots or land. Seim v. O’Grady, 42 W. Va. 77, 24 S. E. Rep. 994.
Where real estate is devised to trustees for the use of the wife and family of the testator’s son, and to his heirs forever, and the son ceavses to have a family, he is not thereby entitled to any curtesy in his wife’s interest in the property in case of her death before their youngest child attains majority, the wife never having in fact been seised of the land during the coverture. Stuart v. Stuart, 18 W. Va. 675.
Distinction between Seisin in Fact and Seisin in Law. —“Seisin in fact or in deed, as Lord Coke calls it, or actual seisin, means possession of the freehold by the pedis positio of one’s self or one’s tenant or agent, or by construction of law, as in case of a commonwealth’s grant, a conveyance under the statute of uses, or doubtless of grants or devise, where there is no actual adverse occupancy. Seisin in law is a right to the possession of the freehold, when there is no adverse occupancy thereof, such as exists in the heir after descent of lands upon him before actual entry by himself or his tenant.” Carpenter v. Garrett. 75 Va. 129; Seim v. O’Grady, 42 W. Va. 77, 24 S. E. Rep. 994; 2 Min. Inst. (4th Ed.) 123.
Hence, under Va. Code 1819, ch. 107, § 2 (see Va. Code 1887, § 2274). allowing the widow to remain on the premises until the assignment of her dower, free of rent, where the widow thus remains in possession, she is seised of the premises; and if her daughter, one of the heirs of her husband, marries, has issue born alive and dies in her mother’s life *644 time, the husband of the daughter is denied curtesy because of the lack of actual seisin during coverture. Carpenter v. Garrett, 75 Va. 129; Pitzer v. williams, 2 Rob. 241.
C. BIRTH OF ISSUE — WEST VIRGINIA. — Since the Act of 1882, W. Va. Code 1899, ch. 65, § 15, the birth of issue is no longer a requisite to curtesy in West Virginia, it being provided by said section that “an estate by the curtesy in the lands of which a married woman may hereafter die seised shall exist and be held by her husband therein, whether they had issue born alive during the coverture or not.” See Alderson v. Alderson, 46 W. Va. 242, 33 S. E. Rep. 228. But W. Va. Code 1868, ch. 65, § 15, as amended by Acts 1872-3, ch. 207, § 2, providing that “if a married woman die seised of an estate of inheritance in lands, her husband shall be tenant by the curtesy in the same,” did not dispense with the requisite as to birth of issue, but was merely declaratory of the common law. Winkler v. Winkler, 18 W. Va. 455.
III. nature and incidents.
A. CURTESY INITIATE.
In General. — After the birth of issue a husband, as tenant by the curtesy initiate, is seised of a freehold estate in the wife’s land in his own right, and the interest of the wife is a mere reversionary interest, depending upon the life estate of the husband. Breeding v. Davis, 77 Va. 639.
Liability for Debts. — Where, prior to the adoption of the W. Va. Code of 1868, the husband by marriage and the birth of issue alive had become tenant by the curtesy initiate of the freehold property of his wife, the life estate of the husband in such estate is liable for the payment of his debts, notwithstanding the provision of ch. 66 of the said Code, and of the W. Va. Constitution of 1872. Wyatt v. Smith, 25 W. Va. 813.
How Present Value Computed. — See Va. Code 1887, § 2281; W. Va. Code 1899, ch. 65, § 17, p. 666. See also, monographic note on “Dower” appended to Davis v. Davis, 25 Gratt. 587.
Effect of the Married Woman’s Act on Curtesy initiate, The Married Woman’s Act, Acts 1876-77, pp. 333-4 (see Va. Code 1887, § 2284 et sea-) giving the wife the power to possess, enjoy and devise her separate estate as if sole, destroys the tenancy by the curtesy initiate; but if the wife dies without having alienated the lands, the husband’s curtesy attaches. Breeding v. Davis, 77 Va. 639, 46 Am. Rep. 740.
Under the Married Woman’s Act, the husband’s inchoate tenancy by the curtesy, and the right to reduce into his possession his wife’s choses in action are destroyed, neither being vested rights. Alexander v. Alexander, 85 Va. 353, 7 S. E. Rep. 335.
Under the Married Woman’s Act, the husband has only a modified tenancy by the curtesy, dependent upon a contingency, and no estate vests in the husband during the life of the wife. This is rather a shadowy estate. It is an interest which may possibly ripen into something tangible in the uncertain future. Previous to the act, it could be sold on execution against the husband. Now the wife has the sole control of her real estate during her life, and the husband has no interest until her death. This estate at best is now a bare possibility, dependent on his surviving his wife. Breeding v. Davis, 77 Va. 639.
Liability for Debts under Married Woman’s Act.— Since the passage of the Married Woman’s Act, the husband’s curtesy initiate in his wife’s lands cannot be sold to pay his debts. Welsh v. Solenberger, 85 Va. 441, 8 S. E. Rep. 91.
Where property which constituted a wife’s separate estate was conveyed by a deed in which the husband united, a judgment against him did not constitute a lien on the husband’s estate by the curtesy in such property, since during the wife’s life the husband had no interest in the property to which the judgment could attach. Bankers’, etc., Co. v. Blair, 99 Va. 606, 39 S. E. Rep. 231, 7 Va. Law Reg. 253.
B. CURTESY CONSUMMATE. — The death of the wife is one of the requisites for curtesy. During the wife’s life, after issue born alive, the husband is said to be tenant by the curtesy initiate. Upon her death only, is he tenant by the curtesy consummate. Breeding v. Davis, 77 Va. 639, 46 Am. Rep. 740.
A wife seised of a separate estate of inheritance in coal lands leased the same for the purpose of mining and removing coal, in consideration of a royalty to be paid by the lessee, but no mine was actually opened until after her death. Held, that the husband is entitled to curtesy in the royalties arising from said lease, and that the mine is to be considered as open at the time of the wife’s death. Alderson v. Alderson, 46 W. Va. 242, 33 S. E. Rep. 228.
Where lands which a married woman has inherited from her father have been applied by the executor to the payment of her father’s debts, her husband is entitled, as tenant by curtesy, to be reimbursed out of the father’s personal estate by an amount equal to the rents and profits which the executor has misapplied. Taliaferro v. Burwell, 4 Call 321.
Distinguished from Dower. — Dower requires to be assigned; curtesy needs no assignment, but takes effect immediately uppn the wife’s death. 2 Min. Inst. (4th Ed.) 183; 8 Am. & Eng. Enc. Daw, 518.
Distinguished from Marital Right. — “Although the tenancy by the curtesy is ordinarily, to appearance, a mere prolongation of the tenancy by the marital right, enabling the husband to hold for his own life what otherwise would terminate with the life of the wife, yet the tenancy by the marital right attaches to some estates to which the tenancy by the curtesy cannot attach, though there should be issue of the marriage, as, for example, estates for life —even estates pur autre vie. And to other estates it cannot attach, in which there may be curtesy, as, for example, estates held for the separate use of the wife. In such estates, under some circumstances, there may be curtesy; but it is of their very essence not to be subject to the marital right." Porter v. Porter, 27 Gratt. 599.
Liability for Debts. — The husband’s estate by the curtesy consummate exists in the wife’s lands un-aliened by her during her lifetime, though devised byher will. Such estate is subject to the liens of the husband’s creditors acquired during the coverture, in preferente to the general liens of her creditors upon her real estate. Acts 1876-7, pp. 333-4; Acts 1877-8, p. 248; Browne v. Bockover, 84 Va. 424, 4 S. E. Rep. 745.
Effect of Judgment against Husband. — The husband has no interest, during the lifetime of the wife, in the real estate acquired by her as a separate estate under the act of April 4,1877, as amended by the act of March 14, 1878. If the wife .dies intestate and the husband is entitled to curtesy, a judgment against the husband during the coverture will attach to his estate by the curtesy, but in subordination to a deed *645 of trust made toy the husband and wife during the coverture. Campbell v. McBee, 92 Va. 68, 22 S. E. Rep. 807.
Ascertainment of Tenant’s Interest — Right to Hiñ-erais. — A tenant toy curtesy, agreeing- to take a gross sum in the proceeds of the sale of realty in lieu of a life estate therein, is entitled to the value of his deceased wife’s interest in the realty, with a deduction for the value of the coal therein, where the land was chieily valuable for the coal, and the mines had not been opened, as a life tenant has no interest in unopened mines or right to open or work the same. Bond v. Godsey, 99 Va. 564, 39 S. E. Rep. 216, 7 Va. Law Reg. 264, and note, p. 268.
Same — Right to Timber, — In ascertaining the value of the interest of a tenant toy the curtesy in realty, the value of the timber on the land should not toe deducted, where the value of the land is increased toy the cutting of such timber. Bond v. Godsey, 99 Va. 564. 39 S. E. Rep. 216, 7 Va. Law Reg. 264.
IV. ESTATES SUBJECT TO CURTESY.
A. IN GENERAL — MUST BE ESTATE OP INHERITANCE. — There can toe no curtesy except in a fee-simple estate in land. Muse v. Priedenwald, 77 Va. 57.
At common law the husband was entitled to cur-tesy in all the real estate of which the wife died seised, whether such estate was separate estate or not. Winkler v. Winkler, 18 W. Va. 455.
B. DETERMINABLE ESTATES. — A wife, owning an estate in lands and personal property determinable upon her death under age and without issue, had issue, which died immediately, and then died under age. Held, that her husband was entitled to curtesy in the lands, tout had no interest in the personal property. Taliaferro v. Burwell, 4 Call 321. See also, Jones v. Hughes, 27 Gratt. 560.
C. WIPE’S EQUITABLE SEPARATE ESTATE.— The husband, if he survives his wife and the common-law requisites exist, is entitled to curtesy in any real estate held toy her as her equitable separate estate, which may remain at her death undisposed of toy her during the coverture, or toy will, under a power to that effect vested in her by the instrument creating the separate estate, just as in any other real estate of inheritance owned toy her. unless his marital rights are excluded toy such instrument. Whether they are excluded or not depends upon the intention of the grantor. This may appear from the instrument creating the separate estate in the wife, or ma3 result from the nature of the transaction. Where the separate estate is created toy a stranger, the intention to exclude must toe plain and unequivocal, or the husband will toe entitled to curtesy. Burk’s Separate Estates, 14-15; Jones v. Jones, 96 Va. 749, 32 S. E. Rep. 463; Chapman v. Price, 83 Va. 392, 11 S. E. Rep. 879; Mitchell v. Moore, 16 Gratt. 275; Nixon v. Rose. 12 Gratt. 425; Charles v. Charles, 8 Gratt. 486.
An estate toy the curtesy in the separate estate of the wife remains in the husband, unimpaired toy statutes for the better securing of the property of a married woman, which declare that she shall hold the property to her sole and separate use, and that it shall not toe subject to the disposal of her husband, or toe liable for his debts. Alderson v. Alderson, 46 W. Va. 242, 33 S. E. Rep. 228.
Same — Not Affected by Married Woman’s Act. — The Married Woman’s Act, Acts 1877-78, p. 248, after providing for the curtesy of the husband and the dower of the wife to toe unaffected toy the act, provides further, “that the sole and separate estate created toy any gift, grant, devise or bequest shall toe held according to the terms and powers, and toe subject to the provisions and limitations thereof, and to the provisions and limitations of this act. so far as they are [not] in conflict therewith.” Held, that the word “not.” as inserted in brackets, was omitted by inadvertence and its insertion is necessary to carry out the intention of the legislature. Hutchings v. Commercial Bank, 91 Va. 68, 20 S. E. Rep. 950, overruling Hutchings v. Commercial Bank (Va.), 17 S. E. Rep. 477.
Under the Married Woman’s Act, as construed above, where property is conveyed to a trustee for the separate use and benefit of the wife, free from the debts and liabilities of her husband, there is created an equitable separate estate, which must toe governed toy the provisions of the instrument creating the same, and the wife may devise such estate to others than herhustoand. Hutchings v. Commercial Bank, 91 Va. 68, 20 S. E. Rep. 950.
Same — Where Created by Husband. — But where the equitable separate estate is created toy the husband, the intention to exclude is presumed or results from the transaction itself, except so far as he may have reserved his marital rights in the instrument creating such estate. The law attaches to every absolute conveyance complete alienation of the entire interest of the grantor, so far as the alienation is permitted toy the principles of law and equity. Upon this principle, the law presumes that a husband, toy an absolute conveyance creating an equitable separate estate in the wife, intended to vest in her entire interest in the subject conveyed, including all his marital rights, present and future, and the conveyance is so construed. Consequently, a husband has not an estate as tenant toy the cur-tesy in land conveyed toy him in such a manner as to create an equitable estate in his wife, whether the conveyance toe made directly to her or to another person for her, in the absence of a reservation in the conveyance of his right thereto at her death. Burks’ Separate Estates, 16; Sayers v. Wall, 26 Gratt. 354; Irvine v. Greever. 32 Gratt. 411; and Dugger v. Dugger, 84 Va. 130, 4 S. E. Rep. 171; Jones v. Jones, 96 Va.749, 32 S. E. Rep. 463.
Where a husband conveyed all his real property to his wife, it was held that, though the deed was void at law, it was valid in equity and the husband was not entitled to curtesy in the property. Sayers v. Wall, 26 Gratt. 354, 21 Am. Rep. 303.
A separate estate created toy the gift, conveyance or settlement of the husband to or for his wife, whether directly or through a trustee, presumptively excludes the husband from tenancy toy the curtesy in such estate. A gift from the husband to his wife is construed to toe for her separate use. Dugger v. Dugger, 84 Va. 130, 4 S. E. Rep. 171.
A husband is not entitled to curtesy in an equitable separate estate of the wife, created toy him, although all the common-law requisites for curtesy exist. He is excluded toy the nature of the transaction. Jones v. Jones, 96 Va. 749, 32 S. E. Rep. 463.
B. WIRE’S STATUTORY OR LEGAL SEPARATE ESTATE. — It is provided toy statute in West Virginia that the husband shall toe entitled to curtesy in the wife’s separate estate. Winkler v. Winkler, 18 W. Va. 455.
Where a father gives his married daughter land “to have and to hold in her own right, free from any claims or demands from her husband or any person or persons claiming under, through, or against him *646 ia any way, now or at any time hereafter,” she has a sole ana separate estate therein, which she can dispose of by will free from the right to curtesy which the husband would otherwise have. Chapman v. Price, 83 Va. 392, 11 S. E. Rep. 879.
Whether a separate estate is an equitable separate estate or a statutory separate estate must be determined from the language and provisions of the instrument to be construed in each case. If the instrument grants powers or imposes restrictions not granted or imposed by the statute, but which are consistent with the rules and principles of enuity, the estate will be construed to be an equitable and not a statutory separate estate, and that which, prior to the passage of the “Married woman’s Act,” was held to be an equitable separate estate, retains that character, is controlled by the provisions of the settlement by which it was created, and is governed by the rules and principles applicable to such estate. Dezendorf v. Humphreys, 95 Va. 473, 28 S. E. Rep. 880; Jones v. Jones, 96 Va. 749, 32 S. E. Rep. 463.
At common law, in the grant of an estate of inheritance to a married woman, the husband’s right to curtesy could not be excluded; but the husband may be deprived of his curtesy in the married woman’s “separate estate,” where the intention so to do is plainly manifested in the instrument creating such estate. Chapman v. Price, 83 Va. 392, 11 S. E. Rep. 879.
V. HOW CURTESY DEFEATED.
A. BY DIVORCE. — A divorce a mensa et thoro, where there is a decree for the perpetual separation of the parties, has the same effect upon the rights of property which either party may acquire after the decree as a divorce a vinculo matrimonii would have. Va. Code 1887, § 2264; Marshall v. Baynes, 88 Va. 1040, 14 S. E. Rep. 978.
A divorce a vinculo matrimonii, although for a supervenient cause, or for a cause which, while it existed at the date of the marriage, is yet by statute specially declared to dissolve the marriage only from the time of the sentence, operates as a bar to dower or curtesy. Porter v. Porter, 27 Gratt. 599; Harris v. Harris, 31 Gratt. 13; Cralle v. Cralle, 79 Va. 182; Cleek v. McGuffln, 89 Va. 324, 15 S. E. Rep. 896. See 2 Min. Inst. (4th Ed.) 137.
upon decreeing the dissolution of a marriage, whether from the bond of matrimony or from bed and hoard, the court may make such further decree as it may deem expedient in regard to the estate, etc., of the parties. Va. Code 1887, § 2263. See Cralle v. Cralle, 84 Va. 198, 6 S. E. Rep. 12; Cralle v. Cralle, 79 Va. 182; Francis v. Francis, 31 Gratt. 283; Harris v. Harris, 31 Gratt. 13; Porter v. Porter, 27 Gratt. 599; Carr v. Carr, 22 Gratt. 168; Bailey v. Bailey, 21 Gratt. 43.
Curtesy and dower are barred by a decree of divorce a vinculo matrimonii; and the same principle applies to maintenance, in the absence of any provision in the decree as to the property rights of the parties. Cralle v. Cralle, 79 Va. 182.
Deeds of Separation. — As to the validity of deeds for the voluntary separation of husband and wife and their effect upon the maritai rights of the parties, see Dooley v. Baynes, 86 Va. 650, 10 S. E. Rep. 974; Harshberger v. Alger, 31 Gratt. 52; Switzer v. Switzer, 26 Gratt. 574, and note.
A husband and wife separated by agreement, setting apart to the wife one-third of the land descended to her from her father, free from all claims of the husband, but stipulating nothing as to remainder whereon he continued to reside. Held, that he continued to be a tenant by the curtesy. Dooley v. Baynes, 86 Va. 644, 10 S. E. Rep. 974.
B. BY DESERTION. — Where a husband wilfully deserts his wife and such desertion continues until her death, he is thereby barred of all interest in her property as tenant by the curtesy. Va. Code 1887, § 2296; W. Va. Code 1899, ch. 65, § 16, p. 666. As to what constitutes desertion, see Thornburg v. Thornburg, 18 W. Va. 522; Bailey v. Bailey, 21 Gratt. 43.
C. BY antenuptial CONTRACT. — Where a husband by an express contract before and in contemplation of marriage agrees to surrender his right to the enjoyment of the property during coverture and his right to take as survivor, there remains nothing to which his marital right can attach during the coverture, or after the death of the wife. Charles v. Charles, 8 Gratt. 486.
A deed of marriage settlement will not divest the marital rights of the husband to a greater extent than the terms of the instrument clearly require. Mitchell v. Moore, 16 Gratt. 275 ; 2 Min. Inst. (4th Ed.) 126.
D. BY HUSBAND’S JOINING IN WIFE’S CONVEYANCE. — A husband’s right to curtesy in the statutory separate estate of his wife is defeated by the execution of a deed by her in which he united. Bankers’ Loan and Investment Co. v. Blair, 99 Va. 606, 7 Va. Law Reg. 253, 39 S. E. Rep. 231; Campbell v. McBee, 92 Va. 68, 22 S. E. Rep. 807; Breeding v. Davis, 77 Va. 639.
E. BY INSTRUMENT CREATING WIFE’S ESTATE. — The husband has no curtesy in his wife's estate, where it is plainly manifest from the terms of the instrument creating such estate that it was the intention of the settler that the husband should not take curtesy therein. See supra. “Estates Subject to Curtesy.”
F. BY WIFE’S DEVISE. — Prior to the statute, Va. Code 1849, ch. 122, § 3; Va. Code 1887, § 2513, a married woman having an equitable separate estate in fee could not dispose of it by will, unless the power to make such disposition was expressly conferred by the instrument creating the estate, such power not being an incident of the estate. West v. West, 3 Rand. 373.
“But, at the general revision of the laws in 1849, the rule of West v. West was changed, so as to allow a married woman to dispose of her equitable separate fee by will. Code of 1849, ch. 122, sec. 3, which provision was carried, without change, into the present Code. Sec. 2513. The effect of this was to enlarge the powers of the woman and to give her the right to dispose of her equitable separate fee by will, though the power was not expressly conferred (and was not denied) by the instrument creating the estate. Such was the construction placed on the statute in the summary of the law, in Justis v. English, 30 Gratt. at p. 571, and such seems to have been the construction of Judge Lomax also. See 3 Lomax’s Dig. (2d Ed.) p. 11, note 1.” Note to Kiracofe v. Kiracofe, 2 Va. Law Reg. 530.
Under Va. Code 1887, § 2513, a married woman owning an equitable separate estate in fee may, unless prohibited by the instrument creating it, devise the same, and thereby deprive her husband of curtesy therein. The power to make such devise is given by statute and has the same effect as if incorporated into the instrument creating the estate, unless such instrument restrains the power. Kiracofe v. Kiracofe, 93 Va. 591, 25 S. E. Rep. 601, 2 Va. Law Reg. 527; Hutchings v. Commercial Bank, *647 91 Va. 68, 20 S. E. Rep. 950; Chapman v. Price, 83 Va. 393, 11 S. E. Rep. 879. See article by Professor R. C. Minor, of the University of Virginia, inlVa. Law Reg. 651 et sea., criticising the decisions of the court in Chapman v. Price and Hutchinos v. Commercial Bank.
Although it is provided by W. Va. Code 1887, ch. 78, § 11, that unless the husband shall renounce any provision made for him by the wife’s will he shall have no other interest in her estate than is given him by the will, a failure on his part to renounce .such provision will not deprive him of curtesy, unless he has agreed to accept the provision in lieu thereof, such agreement being the only mode by which curtesy can be barred under W. Va. Code 1887, ch. 65, § 16. Cunningham v. Cunningham, 30 W. Va. 599, 5 S. E. Rep. 139; Beirne v. Von Ahlefeldt, 33 W. Va. 663, 11 S. E. Rep. 46.