Ruffin, C. J.
 

 Although the points were not presented in the most formal and convenient method in the Superior Court, yet the opinions given on them were, we think, substantially correct, and therefore the judgment must be affirmed. Proceedings of this kind have been so rare here, that no particulars have been settled for them. The statute says, indeed, that the validity of every con. tested will shall be tried by a jury, upon an issue made up under the direction of the Court. But it is manifest that such questions, as those made in this case, do not properly enter into the issue of
 
 devisavit vel
 
 non. For, it is not to be referred to a jury, whether, for example, the Court of Probate had before pronounced for or against this paper as a will, depending, as it does, upon matter of record ; or whether the wife had such a separate property as gave her, as an incident to it, the right of disposition by will, or was otherwise licensed by her husband, so as to confer on her a testable capacity. Those are purely questions of law, not fit for a jury. They would seem properly to stand for decision by the Court, as a preliminary step to making up the issue under the statute; so as to limit the enquiry before the jury
 
 to
 
 the
 
 factum,
 
 the mental capacitjq or the free exercise of the •will by the party. Such, no doubt, would be the course, were the proceedings in probate Courts here in no part
 
 ore tenus,
 
 but by special allegations in writing. Then the propounder, by reason that the general rule of law denies to
 
 a feme covert
 
 the capacity to make a will, would be obliged to plead upon oath the instrument or facts relied on to import the capacity, so as to'put on the record such
 
 *174
 
 a case as would show, that the paper propounded might be the will of the party deceased, notwithstanding her coverture. In like manner, the party contesting might plead the former sentence as a bar to any further litigation, and, of course, to ordering another issue, or might deny the existence of the alleged agreement or of any right in the wife to bequeathe. That would enable the parties to have distinct decisions on those points, which would be liable to review ; just as the course is now on applications to re-propound an ordinary will, or to call in one probate, that there may be another in solemn form-Although we are not aware, that such a method of proceeding has been adopted in such a case as this, and believe that, at all events, there is no such settled practice^ yet it is so obviously useful, and, indeed, necessary to the due order of business, the prevention of surprise, and the proper operation of an adjudication in a cause of thiskind, as to incline the Court very strongly to require it in future. In the present case the defects of the proceedings in those respects fortunately do not prejudice the justice due to the parties, but rather promote it. For, in whatever form or stage of the cause the decisions of the Court ought to have been made on these points, it seems clear, that they ought to have been in favor of tbe propounder.
 

 ]n the first place, the Court holds, that the marriage contract is to be deemed in this proceeding an authority to the wife to make a will. We do not mean, that we now put a final construction on that instrument, and determine that it vested a separate estate in the wife, either absolute or temporary ; for those are points not proper for the consideration of the Court in a probate cause. It is true, that this Court exercises, as an appellate tribunal, the functions both of the Court of Probate and the Court of Equity ; and, therefore, it might be supposed, that it would be well to decide all the questions that could .arise on that instrument at once. But,in the form, in
 
 *175
 
 which the case is now before us, the Court can only deal with such matters as were cognizable before the County Court in this very case, because we are not proceeding originally, but receiving the. decisions of that and the Superior Court. Therefore we must put no construction on the paper further than to say, that it, at least, gives a col- or to
 
 the
 
 act of the wife ; for that is sufficient to induce the Court of probate to admit the paper, leaving it to the Court of equity ultimately to construe and enforce the articles and compel the execution of the will, if made, in the view of that Court, under a sufficient authority or by virtue of a sufficient estate in the wife.
 
 Braham
 
 v.
 
 Burchell, 2
 
 E. Rep. 515.
 
 Chitty’s Genl. Pr.
 
 503.
 

 In the next place, it is clear that there was no definitive sentence against this paper in February 1841. After an issue
 
 devisavit vel non,
 
 there could not be such a sentence but on the verdict of the jury, unless the issue were itself set aside. It appears, indeed, that upon the trial of the issue the Court gave on opinion, that the paper was not a will, because the party deceased was married when she made it, and on that ground refused to admit proof of its execution. If the Court had then gone on to discharge the jury, set aside the order of the issue, and pronounce against the instrument upon the ground, that no authority appeared to enable the wife to make it, there would have been a definitive adjudication. That, however, was not done ; but the issue was allowed to stand, though the jury was discharged from rendering a verdict, and no further motion was made by either party. If the party contesting had insisted on a verdict, as he had a right to do,
 
 St. John’s Lodge
 
 v.
 
 Callender,
 
 4 Ired. 335., he must have had one for him, as the case then stood, and that would have settled the matter. But he did not so insist, but allowed the other side to suffer a non-suit, as it was called ; that is, the parties mutually, though tacitly, agreed to proceed no further in that cause
 
 *176
 
 or at that time. The propounder may have been induced to take that course, because he had not alleged, or established in that proceeding, the marriage articles ; for it no where appears in the transcript of the first cause that any allusion was made to them, except in the will itself;
 

 and the other side may have been willing he should bring forward his whole case before a sentence should be pronounced, so that, when given, it should determine the whole dispute. So it is, at all events, that no sentence was given in either way — either in the form of a verdict .or of an act of Court. Nor did either of the parties insist there should be.
 

 It is said, however, that, in that point of view, the prc-pounder should have gone on in the first, cause, and not have instituted a second original proceeding. The answer is, that no objection was taken in the second cause in the Courts below on that ground ; and, indeed, the pendency of a suit is no bar to a second for the same subject, but only matter of abatement. But in reality this does not appear to be the same cause precisely, since now the propounder alleges the articles as giving validity to the wife’s will, whereas in the first suit they were ..not noticed ; and therefore the cases are essentially different.
 

 Per Curiam. Judgment affirmed.