# Richmond.

## SMITH v. LURTY

### AND

## LURTY v. SMITH.

November 21, 1907.

Absent, Cardwell, J.

1. ADMINISTRATION—*Right of Widow to Qualify—Refusal—Designation of
   Another—Code, Sec.* 2639.—A widow, though otherwise entitled to
   the preferable right to qualify as administratrix with the will an-
   nexed of her husband, is properly refused the right to qualify where
   it appears that she is hostile to, and not on speaking terms with,
   the principal devisee and legatee under the will, is litigating with
   the curator of her husband's estate, and is asserting title to prop-
   erty which the husband attempted to dispose of by his will; nor,
   having been refused the right to qualify, can she designate the per-
   son to be appointed. Section 2639 of the Code does not confer this
   right upon her under such circumstances.

2. ADMINISTRATION—*Right. to   Qualify—Distributees—Legatees—C o d e,
   Sections* 2637 *and* 2639.—When the executor of a will refuses to
   qualify, the right of administration is conferred upon the decedent's
   distributees by sections 2637 and 2639 of the Code, and they are
   allowed to waive it in favor of any other person to be designated by
   them; and, when the distributees have designated such a person, a
   legatee and devisee who is not a distributee has no right to qualify
   or to designate who shall. The word "distributees," as used in section
   2639, means those who would be entitled under the statute of dis-
   tribution to the personal estate of the decedent if he had died
   intestate, and does not embrace legatees and devisees. But distribu-
   tees who recognize the preferable right of the widow to qualify, if
   the court deems her a proper person, do not thereby waive their
   right to qualify, or to designate who shall, in the event the court
   denies the application of the widow to qualify.

Error to a judgment of the Circuit Court of Rockingham county, appointing an administrator with the will annexed of Warren S. Lurty, deceased.

*Affirmed.*

*E. B. Crawford* and *D. O. Deckert,* for Susie Smith.

*A. B. Guigon* and *Conrad & Conrad,* for Annie S. Lurty.

*Sipe & Harris,* for next of kin of W. S. Lurty, deceased.

BUCHANAN, J., delivered the opinion of the court.

Warren S. Lurty died leaving a paper purporting to be his last will and testament, by which he disposed of a part of his real and personal estate. Pending litigation as to whether or not that paper was his last will, a curator was agreed upon by the parties in interest and appointed by the court. The result of the litigation was the establishment of the paper as the decedent's last will. The executor named therein qualified, but before acting was permitted to resign. Thereupon, the widow moved the court to grant her letters of administration with the will annexed, and in case it denied that motion then in the alternative that letters of administration be granted to her nominee, whom she was ready to announce to the court.

That motion was opposed by Susie Smith, a devisee and legatee under the will, who moved the court to grant administration to H. W. Bertram, who was in charge of the estate as curator. The brothers and sister of the testator (he having died leaving no descendants), without opposing the claim of the widow to a prior or preferred right to have administration granted herself, moved the court to grant letters of administration to the husband of the testator's sister, in case the applica-

tion of the widow for grant of administration to herself should.
be denied.

Upon the hearing of these motions, which were heard to-
gether, the court overruled the motions of the widow and Susie
Smith, respectively, sustained the motion of the brothers and
sister of the testator, and appointed the husband of the latter
administrator with the will annexed. To that order the widow
and Miss Smith each obtained a writ of error and supersedeas.

By section 2637 of the Code of 1904 it is provided, that "It
there be no executor appointed by the will, or if all the execu-
tors therein named refuse the executorship, or fail when re-
quested to give such bond, which shall amount to such refusal,
the said court or clerk may grant administration, with the will
annexed, to the person who would have been entitled to admin-
istration if there had been no will, upon his taking such oath
and giving such bond."

By section 2639 it is provided, that where a person dies
intestate, "administration shall be granted to the distributees
who apply therefor, preferring first the husband or wife, and
then such of the others entitled to distribution as the court or
clerk shall see fit. But any of the said distributees may, at any
time waive the right to qualify in favor of any other person to
be designated by them. If no distributees apply for adminis-
tration within thirty days from the death of the intestate, the
court or clerk may grant administration to one or more of the
creditors, or to any other person."

Conceding that the widow, under these sections of the code,
if she was a suitable person, had the preferable right to qualify
as administrator of her husband with the will annexed, the
court did not err in refusing to allow her to do so upon the
facts disclosed by the record. She was very hostile to and not
upon speaking terms with Miss Smith, the principal devisee
and legatee under the will. She was litigating with the cura-
tor, both as plaintiff and defendant, and was asserting title to

property which her husband had attempted to dispose of by his will. Under these circumstances, the circuit court properly declined to appoint her as administratrix. See *Bridgman* v. *Bridgman*, 30 W. Va. 212, 3 S. E. 580; 18 Cyc. 93, and cases cited.

Neither do we think the circuit court erred in refusing to appoint as administrator the person she proposed to name in the event the court refused to appoint her. The statute provides that any distributee may waive his right to qualify in favor of any other person to be designated by such distributee; but we do not understand it to mean that, where a distributee has insisted upon his right to qualify and the court has held, upon the facts disclosed in the proceeding, that he has no such right, he can then designate some other person to be appointed to a position which he himself has been adjudged not entitled to.

Neither do we think the court erred in refusing to sustain the motion of Miss Smith to appoint Bertram, the curator, as administrator. Section 2637 of the code provides that, where the executor refuses the executorship, the court or clerk may grant administration with the will annexed to the person who would have been entitled to administration if there had been no will; and section 2639 provides, where there is no will, that administration shall be granted to the distributees, and that any of the distributees may at any time waive their right to qualify in favor of any other person to be designated by them. Miss Smith, while a devisee and legatee under the will, was not a distributee, for the word "distributees," as used in the sections quoted, clearly means those who would be entitled under the statute of distribution to the personal estate of the decedent if he had died intestate. Not being a distributee, she had no preferable claim to be appointed administrator, nor preferable right to designate another to be so appointed under the statute.

The brothers and sister of the decedent, by their recognition of the prior right of the widow to qualify if the court thought

she was a suitable person under the facts of the case, neither waived their own right, respectively, to qualify, nor their right to designate another person in the event the court declined to grant letters of administration to the widow. They were interested in the decedent's estate, were clearly within the meaning of the statute, and the court did not err in granting letters of administration to the person designated by them, under the facts of the case.

Its order must be affirmed.

*Affirmed.*