# Richmond.

## TOMPKINS, ADMINISTRATOR V. POFF.

### November 16, 1916.

1.  EXECUTORS AND ADMINISTRATORS—*Who to be Appointed Administrator—Distributees—Code, Sections 2637 and 2639—Designees.*—Sons of a testator, although devisees and legatees under his will, would have been his distributees had the testator died intestate, hence by the terms of sections 2637 and 2639 of the Code are entitled to apply for administration with the will of the father annexed—no executor having been named in the will—and consequently may "at any time waive their right in favor of any other person."

2.  EXECUTORS AND ADMINISTRATORS—*Appointment—Code, Sections 2637 and 2639—Designation by Distributees—Removal Only for Cause.*—Reading sections 2637 and 2639 of the Code together it is clear that a distributee who applies for administration and is appointed and qualifies can only be removed *for cause;* and the same principle applies to an appointee in whose favor a distributee waives his right to qualify. By substitution such person is clothed with all the rights of the distributee and occupies the same plane. When, therefore, the appointment either of a distributee or of some other person designated by him, has been made and the appointee has qualified, the power of the court or clerk is exhausted, and no further appointment can be made until a vacancy occurs in the office in some way recognized by law. This construction is not an undue discrimination between distributees of the same class, but simply recognizes the priority of application among the class of eligibles.

3.  EXECUTORS AND ADMINISTRATORS—*Appointment of Distributee or Designee—Creditors or Other Person—Removal—Code, Section 2640.*—Section 2639 of the Code recognizes two classes of persons as eligible to appointment as administrators: (1) distributees or their designees, and (2) creditors or any other person *after the expiration of thirty days from the death of the intestate.* The provision of section 2640 which allows a dis-

tribute, upon mere notice, to displace "a creditor or other person than a distributee" applies only to persons of the second class above mentioned, and not to a distributee or his designee.

Error to a judgment of the Circuit Court of Montgomery county on an application to remove an administrator. Judgment for the applicant. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Samuel A. Anderson* and *W. B. Kegley,* for the plaintiff in error.

*Harless & Colhoun* and *Hall, Woods & Coxe,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

The object of this writ of error is to obtain a reversal of the order of the Circuit Court of Montgomery county vacating the office of plaintiff in error, M. H. Tompkins, as administrator with the will annexed of J. W. Poff, deceased, and appointing Lewis Poff administrator in his stead.

The material facts are these: On June 7, 1915, J. W. Poff died testate as to part of his estate and intestate as to the residue, but he named no executor of the will. Three days after his death the will was admitted to probate by the clerk of the circuit court of the county, who, at the same time, on motion of John H. Poff, Roy A. Poff, James C. Poff and Christie H. Poff, four of the sons of the deceased, appointed plaintiff in error administrator with the will annexed. The clerk also designated appraisers who appraised the personal estate of J. W. Poff, which was taken charge of by the administrator.

Decedent was survived by his widow, Nancy Poff, and the following children and grandchildren, viz: the four sons mentioned above and William H. Poff, A. E. Poff and Lewis Poff, sons, and Pauline Nolly and Ella P. Pritchitt, daughters; also three infant children of Nora Dixon, a deceased daughter. Shortly after the qualification of the administrator the three last named sons gave notice that on June 19, 1915, they would proceed by motion before the clerk of the court to have the authority of the administrator revoked, and Lewis Poff appointed administrator in his stead. The administrator attended at the time and place appointed, but none of the parties appeared. On that occasion the widow and daughters of decedent addressed written requests to the clerk not to revoke the authority of the administrator as they desired him to administer on the estate.

On June 28, 1915, William H. Poff served notice on the administrator that on July 1, 1915, he would move the judge of the circuit court of the county to revoke the administrator's authority and grant letters of administration to him; but the judge, after hearing the evidence, overruled that motion. Thereupon William H. Poff, A. E. Poff and Lewis Poff appeared before the clerk and noted an appeal from the order appointing plaintiff in error administrator, but failed to prosecute that appeal. And finally, on August 7, 1915, Lewis Poff again applied to have himself appointed administrator. From an order of the clerk denying the application he appealed to the circuit court, which entered the order under review vacating the appointment of the plaintiff in error and granting letters of administration with the will annexed to Lewis Poff.

The case virtually depends upon the construction of sections 2637, 2639 and 2640 of the Code of 1904.

It is provided by section 2637 that, "If there be no executor appointed by the will, or if all the executors therein

named refuse the executorship, or fail when requested to give such bond, which shall amount to such refusal, the said court or clerk may grant administration with the will annexed, to the person who would have been entitled to administration if there had been no will, upon his taking such oath and giving such bond."

Section 2639 provides that where a person dies intestate, "Administration shall be granted to the distributees who apply therefor, preferring first the husband or wife, and then such of the others entitled to distribution as the court or clerk shall see fit. But any of the said distributees may at any time waive their right to qualify in favor of any other person to be designated by them. If no distributees apply for administration within thirty days from the death of the intestate, the court or clerk may grant administration to one or more of the creditors, or to any other person."

It is contended by the defendant in error that because the four sons of J. W. Poff, on whose motion plaintiff in error was appointed administrator with the will annexed, were devisees under testator's will they were not entitled to administration themselves, and, therefore, could not designate any other person to be appointed in their stead.

This contention is in conflict with section 2637 of the Code, as construed by this court in *Smith* v. *Lurty*, 107 Va. 548, 59 S. E. 403. In that case the executor named in the will was permitted to resign; and, thereupon, the widow moved the court to grant her letters of administration with the will annexed, and, alternately, should that request be denied, to grant administration to her nominee. The motion was opposed by Susie Smith, a devisee and legatee under the will (but who would not have been a distributee in case of intestacy) who moved the court to grant administration to the curator of the estate. The next of kin (the brothers and sister of testator, who died leaving no de-

scendants) did not oppose the appointment of the widow, but asked, in the event her motion was denied, that administration be granted to the husband of testator's sister. These motions were heard together, and "the court overruled the motions of the widow and Susie Smith, respectively, sustained the motion of the brothers and sister of the testator, and appointed the husband of the latter administrator with the will annexed." Buchanan, J., observes: "By section 2639 it is provided that when a person dies intestate, 'administration shall be granted to the distributees who apply therefor, preferring first the husband and wife, and then such of the others entitled to distribution as the court or clerk shall see fit. But any of said distributees may, at any time, waive the right to qualify in favor of any other person to be designated by them. If no distributees apply for administration within thirty days from the death of the intestate, the court or clerk may grant administration to one or more of the creditors, or to any other person.' " It was conceded in that case that the widow, if a suitable person, would have had the preferable right to qualify as administrator of her husband with the will annexed. But the action of the trial court in refusing her administration was upheld on the ground of her hostility to Miss Smith, the principal devisee and legatee, and also because both as plaintiff and defendant she was engaged in litigation with the curator, asserting title to property which her husband had attempted to dispose of by his will. The court was furthermore of opinion, for the reasons stated, that having been refused the right to qualify herself, she could not designate a substitute to be appointed. The court, moreover, agreed with the circuit court in its refusal to permit Miss Smith to designate an appointee, because though a devisee and legatee under the will, she was a stranger in blood to the testator, and, therefore, would not have been a distributee in case of intestacy. For, says

the court, "the word 'distributees,' as used in the sections quoted, clearly means those who would be entitled under the statute of distribution to the personal estate of the decedent if he had died intestate. Not being a distributee, she had no preferable claim to be appointed administrator, nor preferable right to designate another to be so appointed under the statute."

Conversely, it is plain that the four sons of J. W. Poff, on whose motion appellant was appointed administrator, although devisees and legatees under the will, would have been distributees had testator died intestate, and by the terms of the statute were entitled to apply for administration themselves, and consequently might, "at any time waive their right to qualify in favor of any other person to be designated by them."

Reading sections 2637 and 2639 together, it is clear, we think, that a distributee who applies for administration and is appointed and qualifies can only be removed *for cause;* and that the same principle applies to an appointee in whose favor a distributee waives his right to qualify. By substitution such person is clothed with all the rights of the distributee and occupies the same plane. When, therefore, the appointment, either of a distributee or of some other person designated by him, has been made and the appointee has qualified, the power of the court or clerk is exhausted, and no further appointment can be made until a vacancy occurs in the office in some way recognized by law.

The suggestion that such construction unduly discriminates between distributees of the same class is without merit. The statute contemplates a possible preference in favor of suitable distributees in the order in which they apply for appointment; and to the diligent in this instance, as in others, the maxim, *"Qui prior est tempore, prior est jure,"* applies.

Nor do we consider that the interpretation placed on section 2639 is in any way affected by section 2640.. As we have seen, the concluding sentence of section 2639 reads: "If no distributees apply for administration within thirty days from the death of the intestate, the court or clerk may grant administration to one or more of the creditors, or to any other person." By act approved December 10, 1903 (Acts 1902-3-4, pp. 593-4), the following words were incorporated in section 2639, *"But any of the said distributees may at any time waive their right to qualify in favor of any other person to be designated by them."*

It will be perceived that, after the amendment, section 2639 dealt with two classes of persons who were eligible to appointment as administrators: (1) To distributees who applied therefor or to any other person in whose favor any of the said distributees *at any time* waived their right to qualify; and (2) to one or more of the creditors or any other person *after the expiration of thirty days from the death of the intestate.* Appellees rely on the following provision in section 2640 (which, in that respect, has remained without change since the Code of 1849) to maintain their right to the administration, "* * * if, after administration is granted to a creditor or other person than a distributee, any distributee who shall not have before refused shall apply for administration, there may be a grant * * * of administration, after reasonable notice to such creditor or other person, in like manner as if the former grant had not been made; and the said former grant shall thereupon cease." The history of the legislation as well as the language just quoted show that it was intended to apply only to persons included in class "(2)" and not to those enumerated in class "(1)" of section 2639, as amended. There could be no doubt of the correctness of this interpretation of section 2640 prior to the amendment of December 10, 1903, enlarging the class of eligibles to appointment within

thirty days from the death of the intestate, because there was no other class to which it could apply. And it would be unreasonable to presume, without some change of language, a legislative purpose to emasculate the important amendment carried into section 2639. The natural and ordinary meaning of the words, "waiving a right in favor of another," imports an investure of such other with the right waived; and it is not to be supposed that the legislature would confer a right on a class, introduced in the law for the first time, by one section merely to deprive them of that right by the following section.

In the instant case, four out of seven of testator's sons within thirty days from the death of their father, applied for administration of his estate in behalf of plaintiff in error, M. H. Tompkins, and waived their right to qualify in his favor. This right, by the express terms of the statute, they had the privilege to exercise "at any time." The incumbent was likewise the choice of the wife, who is first to be preferred, and both daughters of the decedent. His fitness for the office of administrator is not questioned in this record; his eligibility to appointment is plain, and under the evidence his authority as administrator ought not to have been revoked.

For these reasons, the order of October 6, 1915, granting letters of administration with the will annexed of J. W. Poff to defendant in error, Lewis Poff, and revoking the appointment of the plaintiff in error, M. H. Tompkins, as such administrator, is erroneous and must be reversed and annulled, and said proceeding dismissed with costs to the plaintiff in error against the defendant in error both in the circuit court and in this court.

SIMS, J., dissenting:

My understanding of the contention of the defendant in error is that the four sons of decedent, on whose motion the

plaintiff in error, M. H. Tompkins, was appointed administrator with the will annexed, were not entitled to any share of the personal estate for the reason that all of the real estate was devised to them which was an advancement to them, and exceeded in value their share of the whole estate; that because they were not entitled to any share of the personal estate, they were not interested therein, and were not "distributees" of the decedent within the meaning of section 2639 of the Code of Virginia; and that, therefore, they were not entitled to administer themselves, and, hence, were not entitled to designate any other person to be appointed in their stead, under such statute.

The question thus raised, whether, in addition to being of the class that ordinarily takes under the statute of distribution a share of the personal estate, a person must also in fact take a share in such estate as distributee, in order to come within the meaning of section 2639 so as to be a "distributee," is, I think, an open question in Virginia.

I cannot agree with the view expressed in the above opinion that the case of *Smith* v. *Lurty,* 107 Va. 548, 59 S. E. 403, construes section 2637—or section 2639—of the Code to mean that one having no beneficial interest in the estate is a "distributee" within the meaning of these sections.    That question was not involved in that case so far as I can discover. On the contrary, the court therein, in referring to the "brothers and sisters" of the decedent whose designee the court held entitled to qualify, stated: *"They were interested in the decedent's estate,* were clearly within the meaning of the statute and the court did not err in granting letters of administration to the person designated by them, *under the facts of the case."*    (Italics mine.)

And in the instant case this question is not involved because the widow and daughters, who were distributees having in fact a beneficial interest in the personal estate also, subsequently to his qualification, designated M. H. Tompkins as the person they wished to administer on the estate.

The question presented to this court for decision in the instant case, as I understand it, is—

1. What is the right of a distributee, who is beneficially interested in the personal estate of the decedent, with respect to grant to him of administration upon his applying therefor, after administration has been granted to a designee of other distributees alike beneficially interested in such estate?

Section 2637 of the Code of Virginia places the case of qualification of an administrator c. t. a. on the same footing *quoad* the *persons* entitled to qualify as an administrator of an intestate—*i. e.,* as fixed by section 2639.

Section 2639 is as follows:

"Administration shall be granted to the distributees who apply therefor, preferring first the husband or wife, and then such of the others entitled to distribution as the court or clerk may think fit. *But any of said distributees may at any time waive their right to qualify in favor of any other person to be designated by them.* If no distributee apply for administration within thirty days from the death of the intestate, the court or clerk may grant administration to one or more of the creditors or to any other person." (Words in italics added to the statute by Acts 1902-3-4, p. 594.)

Section 2640 is, so far as relevant, as follows: "* * * if after administration is granted to a creditor or other person than a distributee, any distributee who shall not have before refused shall apply for administration, there may be * * * grant of administration after reasonable notice to such creditor or other person in like manner as if the former grant had not been made and the said former grant shall thereupon cease."

Sections 2639 and 2640 should be construed together.

Section 2639 expressly provides that only in case "no distributee apply for administration within thirty days from the death of the intestate" can the court or clerk grant administration to "any other person" than a distributee.

Section 2640 provides expressly that in case of grant of administration to "any other person," if thereafter "any distributee * * * shall apply, there may be * * * grant of administration * * * in like manner as if the former grant had not been made and the said former grant shall thereupon cease."

It seems to me that section 2639 gives to each and all of the distributees mentioned therein whom the court or clerk may think fit the right, in turn, to apply for grant of administration—first the husband or wife, and after them all of such others as are "entitled to distribution."

It seems to me that the right of a designee under the statute to qualify, by the plain terms of the statute law itself, is, as provided by section 2639, upon condition that "no distributee apply for administration within thirty days from the death of the intestate," and, as provided by section 2640, upon condition that if after administration has been granted to him "any distributee who shall not have before refused shall apply for administration," there "may be grant of administration" to any such distributee "in like manner as if the former grant had not been made and the said former grant shall thereupon cease."

It is true that under the amendment to section 2639 above italicised, "any distributees may *at any time* waive their right to qualify in favor of any other person to be designated by them"; but clearly they can waive only their own right, and not that of other distributees. Therefore, in a contest between a distributee who has not waived such right (being also thought by the clerk or court to be a "fit" person) and "any other person," (although the latter may

be a "designee" as above defined), for grant of administration, this amendment seems to have no application.

It will be noted that the amendment under consideration was incorporated into the body of section 2639; that it uses the language "any other person" in the amendment itself as descriptive of a designee in whose favor any distributees may waive their right to qualify; which very language, to-wit, "any other person," is used in the subsequent portion of section 2639 as descriptive of those other than distributees who may be permitted to qualify in a certain event, namely, under section 2639, "any other person" than a distributee may be permitted to qualify only in the event that no distributee apply for administration within thirty days from the death of the intestate; and as descriptive of those other than distributees whose qualification, after it has been granted, must give way in favor of any distributee applying for grant of administration, namely, under section 2640, in the event that after administration is granted to any other person than a distributee, any distributee who shall not have before refused shall apply for administration. I cannot escape the conviction that the legislature used the language "any other person" with the same meaning in the different places in which it occurs in sections 2639 and 2640, or must be held by the courts to have done so. I think the proper rule for courts to pursue is to let the legislature speak for itself, when the language of a statute as enacted is clear, and that no construction ought to be allowed against its plain meaning, unless the consequences are such as to contravene a paramount law, or are repugnant to common reason or natural equity. *Commonwealth* v. *Gaines*, 2 Va. Cas. (4 Va.) 172. See to same effect *Ryan* v. *Krise*, 89 Va. 729, 17 S. E. 128; *Price* v. *Harrison*, 31 Gratt. (72 Va.) 114, 117-8; *Johnson* v. *Mann*, 77 Va. 265. The same rule holds in reference to the inquiry as to what falls within the equity of a statute. As said by Burks, J., in the

case of *Price* v. *Harrison, supra,* where there was an amendment of a statute by the insertion of certain new language:

"Where the language is free from ambiguity and the intention is plainly manifested by it, there is no room for construction. The general rule is that a legislative act should be read according to the ordinary and grammatical sense of the words. *    *    *

"It was observed by Lord Tenterden that 'there is always danger in giving effect to what is called the equity of a statute; it is much safer and better to rely on and abide by the plain words, although the legislature may have provided for other cases, had their attention been directed to them.' 6 B. & C. 474."

Hence, while it is true that the amendment of section 2639 above referred to brings within the operation of such statute a new class of persons, in addition to "class 2," and in addition to "class 1", referred to in the opinion above, namely, designees of distributees, the statute itself does not give to such *designees* all of the rights of *distributees.* It is true that, looking alone to the interest of designees, the equity of the statute would seem to call for the designee of distributees being allowed to occupy the same position in all respects as the distributees who waive their right to qualify in favor of such designees, and it may be that the legislature would have so provided had their attention been directed to the qualified rights given designees of distributees by the incorporation of· the amendment in the body of section 2639 and by the use of the language which was used; on the other hand, it may be that the legislature might not have been willing to so provide. Clearly, the statute itself as amended does not in terms go that far.

Again: Under this statute, section 2639, and also under section 2640, we see that *all* distributees mentioned therein whom the court or clerk may think fit are given the rights above referred to with respect to applying themselves for

grant of administration and of designating "any other person" in whose favor they waive their right to qualify. A proper construction of these statutes, or of either of them, requires, therefore, that we must not lose sight of but look also to the interest of a distributee applying for grant of administration. To give the meaning to the statute contended for in favor of designees, would destroy the rights of other distributees, who have not waived their rights in favor of any designee, given such distributees by the express terms of the statute in both sections under consideration.

It is true that "the statute contemplates a possible preference in favor of suitable distributees in the order in which they apply for appointment and that to the diligent in such instance, as in others, the maxim *"Qui prior est tempore, prior est jure,"* applies, as between distributees; but as to "any other person," the statute itself expressly sets apart a time, sufficiently brief, in which the minds of those concerned may be left undisturbed by the need for haste in turning from paying a decent respect to the memory of the dead to litigation over his estate, before any one other than a distributee shall be allowed to qualify on the estate.

In the case before us another person than a distributee qualified within three days after the death of the intestate. This circumstance, while of no determining importance with regard to the question we have under consideration, demonstrates the wisdom of the statute in effect forbidding any qualification of "any other person" than a distributee before the expiration of such thirty day limit. The qualification of distributees within this limit is permitted out of necessity since the exigencies of the situation of the estate may require it in some cases, and the distributees in the nature of things know each other and their fitness to administer upon the estate. But as to "any other person," the designee of one or more distributees, it would not be

reasonable to assume that all distributees would be inform-
ed as to his fitness for the trust, and it would not be in
consonance with the policy of the statute in giving the
thirty day rest period to require that all distributees should
be on the alert during such period to inform themselves in
regard to such fitness of other persons than distributees
who might chance to be designated by other distributees,
and that all distributees should keep themselves in readi-
ness for urging such non-fitness of any such designees or
making application in person for grant of administration,
before the clerk or court, from the very instant of the death
of the intestate, under pain of losing their own right of
designating some person to qualify or of later applying for
qualification themselves—rights expressly given them by
statute.

In the case before us, M. H. Tompkins, first allowed to
qualify as administrator with the will annexed, in addition
to being the designee of the four younger sons of the de-
cedent, was the subsequent designee of the widow and
daughter of the decedent, but was not himself a distributee
of the estate.    After such administration was granted,
Lewis Poff, a son and distributee of the estate and bene-
ficially interested therein, applied for grant of administra-
tion, and by the order of court complained of was appointed
administrator, and the former grant of administration to
Tompkins was vacated.   I think this was in accordance with
the statute law of the State on the subject, and that the
action of the court below should be affirmed.

*Reversed.*