# Wytheville.

## GOOCH V. SUHOR.

### June 14, 1917.

#### Absent, Prentis and Burks, JJ.*

1. EXECUTORS AND ADMINISTRATORS—*Who May Be Appointed—Antenuptial Settlement.*—Plaintiff in error by an antenuptial settlement relinquished all her marital rights to her husband's property, therefore, unless and until the settlement is cancelled and annulled, neither she nor any other person designated by her, has the right of administration of his estate under section 2639 of the Code of 1904.

2. MARRIAGE SETTLEMENTS — *Jurisdiction — Probate — Equity.*—The probate jurisdiction of clerks and the Virginia courts is purely statutory; and the statute bestowing the authority defines the limits of its exercise. The statute confers no general equity jurisdiction; and a court of probate has no jurisdiction over marriage settlements unless conferred by statute. At a very early period controversies touching marriage settlements came under the jurisdiction of the equity courts, because such agreements were unenforcible at common law. . The appropriate procedure in equity in such case is either by a bill of specific performance of the contract, or for rescission, according to the exigencies of the particular case.

3. MARRIAGE SETTLEMENTS—*Jurisdiction—Probate—Equity.*—Where the court was not exerting its general equity jurisdiction, but merely discharging the limited functions of a probate court in the matter of appointing an administrator or curator for an estate, it was plainly right in refusing to take cognizance of a dispute over the validity of an antenuptial agreement.

4. MARRIAGE SETTLEMENTS—*Jurisdiction—Pleading.*—Where the petition of plaintiff in error to be permitted to qualify as administratrix, and attacking the validity of her antenuptial settlement, neither made parties nor prayed that those representing adverse interests to the petitioner might be convened, and no process was awarded or issue joined thereon, and concluded with the request that if the court should be of opinion that it was without jurisdiction to pass upon the validity of the

*Case submitted before Judge Burks took his seat.

antenuptial agreement in the probate case, it would appoint her nominee curator of the estate pending proceedings by her to determine the validity of the contract, the state of the pleadings was prohibitive against the assumption by the court of jurisdiction to determine the validity of the antenuptial settlement. The petition was not a pleading either in form or substance, but a mere motion in writing or application to the court that plaintiff in error, or her nominees, be allowed to administer on the estate.

5. EXECUTORS AND ADMINISTRATORS—*Curator.*—There is not necessarily any incompatibility in the office of trustee under an antenuptial settlement and that of curator of the estate of the deceased husband, pending the determination of the validity of the antenuptial settlement.

6. APPEAL AND ERROR—*Harmless Error—Dismissal of Petition Without Prejudice.*—Plaintiff in error applied for appointment as administratrix for herself, or her nominees, which application was refused by the clerk. She thereupon filed her petition in the Circuit Court, in which she insisted that her marriage settlement had been procured by fraudulent representations and was void, and renewed her motion to be permitted to qualify as administratrix. The petition contained the alternative prayer, that if administration should be denied her, it might be granted to her nominees. The concluding prayer of the petition was that, if the court should be of the opinion that it was without jurisdiction in that proceeding to pass upon the validity of the marriage contract, it would appoint plaintiff in error's nominees, or one of them, curator of the estate pending proceedings by her to determine the validity of the agreement. *Held:* That the action of the court in dismissing the petition, but without prejudice to the rights of the plaintiff in error to test the validity of the marriage contract in a proper proceeding before a court of competent jurisdiction, if erroneous at all, was harmless error.

Error to an order of the Circuit Court of Mecklenburg county, denying the prayers of plaintiff in error to be permitted to qualify as administratrix, and asking that the marriage settlement made by her be set aside as fraudulent.

*Affirmed.*

The opinion states the case.

*Buford & Peterson, C. T. Baskervill* and *S. E. Williams,* for the plaintiff in error.

*S. S. P. Patteson* and *H. M. Smith, Jr.,* for the defendant in error.

WHITTLE, P., delivered the opinion of the court.

The dominant question presented by this writ of error involves the right of the plaintiff in error, Margaret R. Gooch, to administer on the estate of her deceased husband, W. H. Gooch, which right was denied her by the order under review. The determination of that issue depends upon a few controlling facts about which there is no room for disagreement.

W. H. Gooch, a man around fifty years of age, a resident of Clarksville, Mecklenburg county, Virginia, was married to Margaret Radcliffe, who was in her twenty-fourth year, on the morning of October 14, 1915, at the residence of her mother in Lexington, North Carolina. On the same day, but before the marriage ceremony was performed, the parties and their trustee, the Old Dominion Trust Company, executed and acknowledged a marriage contract, the general terms of which had previously been the subject of negotiation between them, whereby W. H. Gooch covenanted and agreed that he would cause to be paid to the trustee, within one year after his death, for his intended wife, if then living, $50,000, to be held in trust, and the principal to be invested in such way as the trustee should deem best, for the sole use and benefit of the second party as long as she remained unmarried and the widow of W. H. Gooch; and pay to her from time to time all net income, dividends or other yearly proceeds arising therefrom; and upon her marriage or death should pay the principal sum in such manner as W. H. Gooch by his last will and testament might appoint, or, for want of such appointment, to

his children and the lawful issue of such of them as might have died, share and share alike. In consideration of the premises, and that the contemplated marriage should be consummated, Margaret Radcliffe agreed with W. H. Gooch, his executors, administrators and heirs, that upon his death she would receive the $50,000, so to be held in trust for her benefit, in satisfaction of all rights of dower in his estate, and in full of all other rights, interests, claims or allowances in law or in equity, in his estate, real or personal, which she might or could have, or would be entitled to but for that agreement; and that upon the payment of the agreed sum to the trustee according to the stipulation of the agreement, she would release, quit claim and discharge the representatives and heirs of W. H. Gooch of and from all her interest in the estate. This contract was recorded in North Carolina and in Mecklenburg county, Virginia. Immediately after the marriage, the parties set out on their bridal tour to San Francisco. On the homeward journey, early on the morning of the 14th of November, 1915, while the train was at Weimar, in Texas, W. H. Gooch was killed in their apartment on the train by a pistol shot, alleged to have been self-inflicted.

Deceased died intestate, and was survived by the plaintiff in error, Margaret Radcliffe Gooch, and the defendant in error, Annie Wayne Suhor, the only child of W. H. Gooch and Lucy A. Gooch, his former wife from whom he had been divorced.

On December 15, 1915, Annie Wayne Suhor paid to the Old Dominion Trust Company, as trustee for the plaintiff in error, $50,000, in pursuance of the marriage contract. On November 18, 1915, J. H. Gooch, a brother of the decedent was appointed by the clerk of Granville county, North Carolina, administrator of the estate in that State; and, afterwards, he was also appointed by the clerk of Mecklenburg county administrator of the estate in Virginia. Plaintiff in error likewise had applied for appoint-

ment as administratrix for herself, or her nominees (which application was refused by the clerk), and she thereupon filed her petition in the Circuit Court of Mecklenburg county, in which she insisted that the marriage contract had been procured by fraudulent representations and concealment and was void, and renewed her motion to be permitted to qualify as administratrix. The petition contained the alternative prayer, that if administration should be denied her, it might be granted to her nominees, either the Virginia Trust Company, of the city of Richmond, Virginia, or R. M. Hester, of Mecklenburg county. The concluding prayer of the petition is that, if the circuit court should be of opinion that it was without jurisdiction in that proceeding to pass upon the validity of the marriage contract, it would appoint the Virginia Trust Company or R. M. Hester, or both, curator of the estate pending such proceeding as she might institute in a court of competent jurisdiction to determine the validity of the agreement.

The order of the circuit court disposed of the different phases of the controversy as follows:

1. It denied the prayer of the petition to grant administration either to the widow or her nominees.

2. It determined that the court was without jurisdiction in that proceeding to pass upon the validity of the marriage contract, and dismissed the petition, but without prejudice to the right of the widow, or of any distributee, or personal representative, to test the validity of the marriage contract in a proper proceeding before a court of competent jurisdiction.

3. It reversed the order of the clerk appointing J. H. Gooch administrator; and

4. It appointed the Old Dominion Trust Company of Richmond, Virginia, curator of the estate.

The ruling of the court setting aside the order of the clerk appointing J. H. Gooch administrator is not assigned

as cross-error under rule VIII, and, therefore, does not demand further notice.

Plaintiff in error relies upon the following assignments of error to reverse the order under review:

1. "The court erred in declining to entertain jurisdiction of petitioner's motion to determine the incidental questions arising as to the validity of said alleged antenuptial agreement."

2. "The court erred in overruling petitioner's motion and declining to appoint her administratrix of the personal estate of the decedent, or to allow her to designate the appointee."

3. "The court erred in appointing the Old Dominion Trust Company curator of the estate, for the reason that it is a party to said alleged agreement, and, therefore, an unfit person for the position of curator of the estate."

4. "The court erred in dismissing petitioner's motion, thereby terminating the controversy respecting the appointment of an administrator, and then appointing a curator, the court having no authority to appoint a curator except to preserve the estate during the pendency of such controversy."

We shall direct our attention to the first assignment of error, because if the circuit court, in exercising a purely probate function in pursuance of statutory authority, and in the state of the pleadings and the parties at that time, rightly declined to take jurisdiction of the controversy concerning the validity of the antenuptial contract, then, demonstrably, there is no reversible error in the remaining assignments. For, as we have seen, the plaintiff in error, by the antenuptial settlement (which has been fully executed so far as the estate is concerned by payment of the $50,000 to the trustee) relinquished all her marital rights to her husband's property. Therefore, unless and until the settlement is cancelled and annulled, neither the widow nor

any other person designated by her has the right of administration of the estate under section 2639 of the Code. *Charles* v. *Charles,* 8 Gratt. (49 Va.) 487, 56 Am. Dec. 155. See also, *Smith* v. *Lurty,* 107 Va. 548, 59 S. E. 403; *Tompkins Admr.* v. *Poff,* 120 Va. 162, 90 S. E. 630.

The probate jurisdiction of clerks and the Virginia courts is purely statutory; and the statute bestowing the authority defines the limits of its exercise. The statute confers no general equity jurisdiction; and "a court of probate has no jurisdiction over marriage settlements unless conferred by statute." 21 Cyc. 1242, n. 6, citing *Whitfield* v. *Hurt,* 31 N. C. 170.

At a very early period controversies touching marriage settlements came under the jurisdiction of the equity courts, because such agreements were unenforcible at common law. For a general discussion of this subject, see 21 Cyc. 1242, *et seq.* The appropriate procedure in equity in such a case is either by a bill for specific performance of the contract, or for rescission, according to the exigencies of the particular case. An instructive review of the principles governing marriage contracts, and the leading authorities, including the decisions of this court on the subject, will be found in 13 R. C. L., p. 1011, *et seq.* See p. 1042, sec. 62.

In the circumstances narrated the circuit court was plainly right in refusing to take cognizance of the dispute over the validity of the antenuptial agreement. As we have seen, the court was not exerting its general equity jurisdiction, but merely discharging the limited functions of a probate court in the matter of appointing an administrator or curator for the estate. Besides the general rule of law, which forbade the court to assume jurisdiction, the state of the pleadings was likewise prohibitive. The petition presented by the plaintiff in error neither made parties nor prayed that those representing adverse interests to the

petitioner might be convened, and no process was awarded or issue joined thereon. As a matter of fact, the petition was not a pleading either in form or substance, but a mere motion in writing or application to the court that Margaret R. Gooch, or her nominees, be allowed to administer on the estate. Indeed, the petition concludes with the request that if, for any reason, the court should be of the opinion that it was without jurisdiction to pass upon the validity of the antenuptial agreement in the probate case, it would appoint her nominee curator of the estate pending such proceedings as she might institute in a court having competent jurisdiction of the subject matter and the parties to determine the validity of the contract.

It thus appears that the plaintiff in error's real grievance is not over the appointment of a curator for the estate, but is traceable to the court's refusal to select her nominee for that office. The circuit court, under the circumstances, correctly refused to appoint the plaintiff in error's nominee, for the same reason that it denied her the right of administration. Moreover, the record vindicates the wisdom and propriety of the selection and appointment of the Old Dominion Trust Company as curator. The company is of unquestioned solvency, and promptly executed bond with security for the faithful discharge of its duties. And besides, the established reputation of the company for business ability and integrity afforded additional assurance that the interests of all concerned in the ultimate outcome of the litigation would be protected.

We do not appreciate the force of the suggestion that there is necessarily any incompatibility in the office of trustee in the antenuptial agreement, and that of curator of the estate of W. H. Gooch, deceased. Nor have we discovered any evidence in the record tending to show that the Old Dominion Trust Company is unsuitable for appointment to either position. If the antenuptial contract shall finally be upheld, then plaintiff in error will have no in-

terest in the estate, since the amount settled upon her has already been paid to her trustee. On the other hand, if she shall succeed in having the contract rescinded, then the estate will be in the hands of a reputable, solvent and bonded officer, ready to be delivered to those entitled to receive it.

It is impossible from an inspection of this record to fail to perceive that many, if not all, of the assignments of error involve issues that have not been finally decided, and which, if eventually resolved in favor of the plaintiff in error, would leave her without any just ground for complaint.

The fourth assignment of error, involving the action of the court in dismissing the petition, if erroneous at all, is harmless error, since the dismissal was without prejudice to petitioner's rights.

Without further prolonging this opinion or reviewing authorities which do not affect the questions now before us, we are of opinion that there is no reversible error in the order under review, and it is affirmed.

*Affirmed.*