## PARROTT ESTATE CO. v. McLAUGHLIN.
### No. 19226–S.

District Court, N. D. California, S. D.
Sept. 19, 1935.

Knight, Boland & Christin and J. W. Radil, all of San Francisco, Cal., for plaintiff.

H. H. McPike, U. S. Dist. Atty., and Esther B. Phillips, Deputy Dist. Atty., both of San Francisco, Cal., for defendant.

ST. SURE, District Judge.

Plaintiff brought this action at law against the Collector of Internal Revenue under section 1122 (c) of the Revenue Act of 1926, Act Feb. 26, 1926, 44 Stat. ch. 27, p. 9 (28 USCA § 41 (20) and note), to recover alleged excess income taxes assessed, for which claim for refund had been previously filed and rejected. The excess resulted from the disallowance of a deduction made in the income tax return.

The facts are undisputed. Mary Emilie Parrott died testate in March, 1922. In June, 1922, her heirs organized the plaintiff corporation for the sole purpose of receiving, and from time to time reinvesting, the assets of her estate. Except for a few qualifying shares, all of the stock of the corporation is owned by the heirs, who assigned their respective interests in the estate to the corporation in exchange for their proportionate amount of stock. Distribution of the estate was made directly to the plaintiff. Subsequent to distribution, on August 6, 1926, plaintiff paid to the county treasurer of San Mateo county, Cal., $11,-524.03 as additional inheritance taxes (additional to what had already been paid).

In its income tax return for the year ending December 31, 1926, plaintiff corporation deducted the above amount from its gross income. On April 25, 1929, an audit by the collector resulted in a disallowance of the deduction and an assessment of an additional tax of $1,086.47, together with interest in the sum of $151.-47. At the same time the collector, by a change in another part of the return, allowed a credit of $469.47, which would have been received as a voluntary refund but for the additional assessment arising out of the disallowance of the deduction of the amount of the inheritance tax. The extra assessment was paid by plaintiff under protest.

At the time of filing the income tax return the Revenue Act of 1926, supra, was in effect. Section 234 (a) (3) of part 3 of title 2 of that act (26 USCA § 986 (a) (3) provides:

"In computing the net income of a corporation subject to the tax imposed by section 230 [section 981 of this title], there shall be allowed as deductions: * * * (3) Taxes paid or accrued within the taxable year. * * * For the purpose of this paragraph, estate, inheritance, legacy, and succession taxes accrue on the due date thereof except as otherwise provided by law of the jurisdiction imposing such taxation."

In 1928 Congress passed another Revenue Act (Act May 29, 1928, 45 Stat. c. 852, p. 791) section 703 (a) (2, 3) of which, 26 USCA § 2703 (a) (2, 3), is as follows:

"Sec. 703. Deduction of Estate and Inheritance Taxes—Retroactive.

"(a) In determining the net income of an heir, devisee, legatee, distributee, or beneficiary (hereinafter in this section referred to as 'beneficiary') or of an estate for any taxable year, under the Revenue Act of 1926 or any prior Revenue Act, the amount of estate, inheritance, legacy, or succession taxes paid or accrued within such taxable year shall be allowed as a deduction as follows: * * *

"(2) If the deduction has been claimed by the beneficiary, but not by the estate, it shall be allowed to the beneficiary;

"(3) If the deduction has been claimed by the estate and also by the beneficiary, it shall be allowed to the estate (and not to the beneficiary) if the tax was ac-

tually paid by the legal representative of the estate to the taxing authorities of the jurisdiction imposing the tax; and it shall be allowed to the beneficiary (and not to the estate) if the tax was actually paid by the beneficiary to such taxing authorities."

Under the facts and the statutes set forth herein, there is but one question for decision, to wit: Is a corporation, which was organized by the heirs of a deceased person for the purpose of receiving the assets of decedent's estate upon distribution, to which corporation the heirs assigned their respective interests in exchange for stock of the corporation, a distributee or a beneficiary, as those terms are used in the statute above quoted?

Distributee has been defined as "one to whom anything has to be distributed in the division of an intestate estate" (Funk & Wagnall's New Standard Dictionary [1913 Ed.]); "one entitled to take a share of the estate of a decedent under the statute of distribution" (Callaghan's Cyclopedic Law Dictionary [1922 Ed.]); "those who would be entitled under the statute of distribution to the personal estate of the decedent if he had died intestate" (Smith v. Lurty, 107 Va. 548, 59 S. E. 403, 404; Bouvier's Law Dictionary, 1914 Ed. [substantially identical] Black's Law Dictionary [3d Ed.]); "one to whom something is distributed" (Webster's New International Dictionary [1916 and 1931 Eds.]).

It will be observed that all but one of the definitions expressly or by implication qualify the abstract meaning of the word by limiting its application to intestate estates.

The statute is to be construed in conformity with the intent of its authors; that intent to be ascertained by giving to all of its words their ordinary and generally accepted meaning, unless by usage and interpretation they have been given a peculiar meaning in the law. Duggan v. Bay State Street Ry., 230 Mass. 370, 119 N. E. 757, 758, L. R. A. 1918E, 680; United States v. Temple, 105 U. S. 97, 26 L. Ed. 967; Commissioner v. Beebe (C. C. A.) 67 F.(2d) 662, 92 A. L. R. 862; Helvering v. Stockholms Enskilda Bank, 62 App. D. C. 360, 68 F.(2d) 407, 408.

Application of this rule to the section under consideration and to the word "distributee" leaves a conclusive impression in the mind of the court that the Congress, in designating those entitled to a deduction of taxes paid from gross income, intended to provide for all persons who might be entitled to the estate of a deceased person, whether deceased died testate or intestate, or whether deceased created a trust. To analyze the statute: An heir is one entitled to succeed to property of an ancestor by right of relationship; devisee and legatee certainly import a will; a distributee is one entitled to take by the statute of distribution—impliedly an intestate estate; beneficiary is one who is entitled to the benefits of property, legal possession of which is in another—a cestui que trust.

Plaintiff's argument that because the estate was distributed to it, it was a distributee, is specious. It would be just as plausible and equally unpersuasive to say that because the plaintiff corporation received the estate, it was a receiver. The implication of this analogy is too obvious to necessitate a further showing of its fallacy. While in the instant case the estate of Mrs. Parrott was distributed directly to plaintiff, the only reason therefor was that previous assignments of the respective distributive shares had been made to the plaintiff corporation by those to whom, under the will and except for the assignments, the estate would have been distributed. Title to and possession of the assets through decrees of distribution could in no way affect the meaning of the word distributee, and it is clearly apparent that plaintiff did not acquire the assets of the estate under any statute of distribution. I conclude, therefore, that plaintiff is not a distributee.

Beneficiary is defined: "Law: One who is lawfully entitled to the profits and proceeds of an estate or property, title to which is vested in another, as in a trustee" (Funk & Wagnall's New International Dictionary [1913 Ed.]); "one for whose benefit a trust is created, as a cestui que trust" (I Story's Equity Jur. § 321; In re Welch, 20 App. Div. 412, 46 N. Y. S. 689); "a person having enjoyment of property of which a trustee, executor, etc., has legal possession" (Black's Law Dictionary [3d Ed.] 206).

These definitions applied to the plaintiff corporation defeat any contention that plaintiff could qualify as a beneficiary. In effect, plaintiff is analogous to a trus-

tee, having been voluntarily and lawfully created to receive, hold, and from time to time reinvest the assets of Mrs. Parrott's estate, for the benefit, not of itself as an entity, but of its stockholders. The corporation is separate and apart from its stockholders, and as such could claim no advantage, profit, or benefit that Mrs. Parrott's heirs, distributees, or beneficiaries might claim.

In support of its contention that "plaintiff stood in the shoes" of the heirs of Mrs. Parrott and was a mere "instrumentality of such heirs," plaintiff cites Commissioner v. Beebe (C. C. A.) 67 F.(2d) 662, 663, 92 A. L. R. 862, wherein the same individual acted both as executor and trustee under a will. Following his final account as executor, a portion of the assets of the estate passed to him as trustee. As trustee he paid a state inheritance tax on distribution of a portion of the estate to a beneficiary, and deducted the amount from the income tax of the estate. The commissioner contended that when the estate passed from executor to trustee, it became a trust and that the deduction was improper. The Court of Appeals for the First Circuit held that under the General Laws of Massachusetts (chapter 65, § 7) the tax was payable by an executor, administrator, or a trustee, upon the accrual of the right of possession, and that the deduction was to be allowed.

In the instant case no such statute is involved, and the application of the authority cited to the question here for decision is not apparent. The fact that my conclusion is amplified by a comparison of plaintiff corporation to a trustee in no way makes the Beebe Case any more persuasive.

It follows from what has been said that neither the decrees of distribution nor the assignments of the beneficial interests in the estate to plaintiff could convert the corporation into a distributee or a beneficiary, as those terms were intended and used in the statute. Not being either, plaintiff was not entitled to deduct the amount of the inheritance tax paid from its gross income. The assessment of the additional tax, therefore, was correct.

Let the foregoing opinion serve as findings of fact and conclusions of law.

Judgment for defendant, with costs as may be taxed.