# 𝔖taunton

## LUTHER ALLEN BEAVERS, AND OTHERS V. OSCAR IRVIN BEAVERS.

September 11, 1946.

Record No. 3094.

Present, All the Justices.

The opinion states the case.

*Edwin E. Garrett,* for the plaintiffs in error.

*Stilson H. Hall* and *Lucas D. Phillips,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

Under review is the appointment of an administrator. The facts are not in dispute, and the issue is narrow.

Oscar Littleton Beavers executed a will on May 17, 1933, and died on July 6th of that year. He gave his entire estate to his widow, Maggie Carlin Beavers, for life. She died on July 14, 1944. Under that will this estate now passes to four surviving children, share and share alike. They are Oscar Irvin Beavers, Luther Allen Beavers, Inez Harrison Gott, and Margaret Alice Hawes.

Upon the death of Mrs. Beavers it became necessary that an administrator d.b.n.c.t.a. be appointed.

On July 27, 1944, Oscar Irvin Beavers made application to the clerk of the Circuit Court of Loudoun County for letters of administration and was appointed. That appointment was made on his own application and at the written request of his sister, Mrs. Gott. Later she came to see the clerk and told him that she wished to withdraw her endorsement; but he told her that she was too late—that the appointment had already been made. When made, Mrs. Gott was a resident of California. Luther Allen Beavers was then a resident of Washington, D. C., and Mrs. Hawes lived in Loudoun county.

On December 12, 1944, this petition was filed in the Circuit Court of that county:

"The undersigned legatees and devisees under the will of Oscar Littleton Beavers, respectfully represent that heretofore, to-wit: on the 27th day of July, 1944, Irvin Beavers was, by the clerk of this court, appointed as administrator c.t.a. of the estate of the said Oscar Littleton Beavers, under his will. This appointment was made without notice to several of the distributees.

"We now request that the appointment of the said Irvin Beavers shall be revoked and that the said Irvin Beavers and Luther Allen Beavers may both be appointed as administrators d.b.n.c.t.a. of the estate of the said Oscar Littleton Beavers, under his will. In the event that either of the said children so designated shall decline to accept this appointment and qualify, then and in that event, the one willing to qualify shall be permitted to qualify in conjunction with such other person as may be designated by the court, it being our desire that there shall be, at least, two personal representatives to administer this estate.

Respectfully

August, 1944                    Inez Harrison Gott
                                Inez Harrison Beavers
                                Margaret Alice Hawes
                                Luther Allen Beavers"

After preliminary skirmishing, this cause came on to be heard. The court in its opinion said:

"I consider it is also plainly the opinion of the court (*Tompkins* v. *Poff*, 120 Va. 162, 90 S. E. 630) that the Circuit Court has no authority to remove except for cause an appointee of the clerk who meets the requirements of eligibility and suitability; or to refuse him appointment if motion were made in court in the first instance."

Evidence was submitted. Upon its consideration, the court also said, as appears in bill of exception No. 2:

"After the evidence was in, the counsel for the appellants moved the court to appoint Luther Allen Beavers, administrator, but the court refused to appoint Luther Allen Beavers and stated that he would confirm the appointment of Irvin Beavers made by the clerk of the court, to which

action of the court in refusing to appoint Luther Allen Beavers, and in confirming the appointment of Oscar Irvin Beavers, the appellants excepted."

No charge of maladministration is made against the defendant. It is true that his father refused to appoint him as executor in the first instance and said that this son, Oscar, was parsimonious and selfish. At the same time, he failed or refused to appoint his other son, Luther Allen Beavers, executor to take over on the death of his wife but named a stranger, Volney Osburn, now dead. The trial court was of opinion that an executor appointed in due course by the clerk could not be removed except for cause. It was also of opinion that there was competent evidence to show that he was both trustworthy and competent. In short, it was of opinion that he should be retained in office both as a matter of law and on his merits, as disclosed by the testimony.

We have seen that the appellants in their petition asked that the appointment of defendant be revoked, and they also asked that he at the same time be reinstated in office and be made a joint administrator with his brother, Luther Allen Beavers. This is the testimony of his sister, Mrs. Hawes:

"Q. Why did you want your brother, Luther Allen Beavers, appointed?

"A. I wanted both of them together because a number of times two can see things better than one.

"Q. Then you had no objection to Mr. Irvin Beavers, providing he qualified along with your brother?

"A. I wanted both of them."

In substance, they charge that he should never have been appointed and then ask that his appointment be confirmed.

The power of the clerk to appoint appears in Code, section 5360, which provides in part as follows:

"In the case of a person dying intestate, the jurisdiction to hear and determine the right of administration of his estate shall be in the same court or before the same clerk who would have jurisdiction as to the probate of his will, if there was a will. Administration shall be granted to the distributees who apply therefor, preferring first the husband

or wife, and then such of the others entitled to distribution as the court or clerk shall see fit. But any of the said distributees may at any time waive their right to qualify in favor of any other person to be designated by them. If no distributees apply for administration within thirty days from the death of the intestate, the court or clerk may grant administration to one or more of the creditors, or to any other person."

Code, section 5358, provides as follows:

"If there be no executor appointed by the will, or if all the executors therein named refuse the executorship, or fail, when required to give such bond, which shall amount to such refusal, or having qualified die, resign or are removed from office, the said court, or clerk, may grant administration, with the will annexed, to the person who would have been entitled to administration if there had been no will, upon his taking such oath and giving such bond."

That the clerk had power to appoint is plain; that his appointee was one of a statutory preferred class is also plain.

Plaintiffs and appellants rest their claim upon Code, section 5249, which provides in part as follows:

"Such clerk shall keep an order book, in which shall be entered all orders made by him, or his deputy, respecting the subjects aforesaid. Any person interested may, within six months after the entering of such an order, appeal therefrom as a matter of right, without giving any bond to the court whose clerk, or deputy, has made the order. Upon application being made for such appeal, the said clerk, or deputy, shall enter forthwith in his said order book an order allowing such appeal, and docket the same as a preferred cause for trial at the next term of the court. The said court at any term, shall hear and determine the matter as though it had been presented to the said court in the first instance, and shall cause a copy of the order on the order book of the court embracing its final action to be copied by the clerk, or deputy, into his order book."

The judgment of the clerk is a judgment in rem, whose validity can only be questioned in the manner pro-

vided for by statute. *Saunders* v. *Link,* 114 Va. 285, 76 S. E. 327. On appeal it is by statute heard by the circuit court, "as though it had been presented to the said court in the first instance."

In *Tyson* v. *Scott,* 116 Va. 243, 81 S. E. 57, Judge Keith quotes with approval Burks Pleading & Practice, section 372:

"For practical purposes, though perhaps not technically accurate, we may say that, under existing rules of practice, an appeal lies from a lower to a higher court, and is a continuation of the same case upon the same evidence before the higher tribunal, and the case is simply heard *de novo* before the higher tribunal. It is a rehearing before the higher court, with no presumptions against the appellant, except in case of doubt, where the decision of the lower tribunal will be affirmed. With this exception, the decision of the lower court has no effect."

It is said that the administrator appointed by the clerk represents the minority interest in his father's estate. As a matter of fact, when appointed he represented a half interest in that estate. This matter, came before this court in *Tompkins* v. *Poff,* 120 Va. 162, 90 S. E. 630. In that case, we upheld the appointment by the clerk. This court, in the course of its opinion, referred to Code, sections 2637 and 2639. These sections appear in our present Code as sections 5358 and 5360. The court there said:

"Reading sections 2637 and 2639 together, it is clear, we think, that a distributee who applies for administration and is appointed and qualifies can only be removed *for cause*; and that the same principle applies to an appointee in whose favor a distributee waives his right to qualify. By substitution such person is clothed with all the rights of the distributee and occupies the same plane. When, therefore, the appointment, either of a distributee or of some other person designated by him, has been made and the appointee has qualified, the power of the court or clerk is exhausted, and no further appointment can be made until a vacancy occurs in the office in some way recognized by law.

"The suggestion that such construction unduly discriminates between distributees of the same class is without merit. The statute contemplates a possible preference in favor of suitable distributees in the order in which they apply for appointment; and to the diligent in this instance, as in others, the maxim, *'Qui prior est tempore, prior est jure,'* applies."

The trial court was of opinion that as a matter of law the administrator appointed by the clerk should not be removed by the court except for cause. Upon evidence submitted, the court was of opinion that upon the merits of the cause he should not be removed. To have appointed him and Luther Allen Beavers joint administrators might have led to trouble, for they were not on cordial terms.

In a note to *Williams* v. *Williams,* 25 App. D. C. 32, 4 Ann. Cas. 550, it is said:

" 'The court never forces a joint administration, and for an obvious reason—because it is necessary for the administrators to join in every act—there might be a complete contrariety of action, and it would be in the power of one of them to defeat the whole administration.' *Bell* v. *Timiswood,* 2 Phill. Ecc. 22. 'Such a thing was never heard of as the court forcing upon a party entitled a joint administration.' *Peters* v. *Public Adm'r,* 1 Bradf. Sur. (N. Y.) 200."

In a note to *In Re McMurray's Estate,* 256 Pa. 233, 100 A. 798, 1 A. L. R. 1242, 1246, it is said that this is a matter which rests within the sound judicial discretion of the court.

We think that the discretion in this case has been soundly exercised and that the order appealed from should be affirmed.

*Affirmed.*