In the matter of the petition of John A. Creighton, Administrator of the estate of Edward Creighton, deceased, for the distribution of assets of said intestate remaining unadministered.

Constitutional Law. Section 289 of the Chapter entitled Decedents, General Statutes, page 333, which authorized the district court to make distribution of estates, is not in conflict with section 16, Art. VI, of the constitution.

Appeal from Douglas county. Tried below before Savage, J.

*George W. Doane,* for appellant.

*J. M. Woolworth,* for appellee.

Maxwell, J.

This is a petition for distribution of the assets of the estate of Edward Creighton, deceased. It was filed in the district court of Douglas county, in October, 1878, and a decree of distribution was rendered as prayed. Mary Mc-Crary, one of the heirs, appeals to this court.

It is alleged in the petition that: "On the 5th day of November, 1874, Edward Creighton, late of the city of Omaha, in said county, departed this life in said city, leaving him surviving Mary Lucretia, his wife, Alice Mc-Shane, and Mary McCrary, his sisters, Joseph Creighton and John A. Creighton, his brothers, Martha J. Creighton, Catherine Creighton, Mary Creighton, James H. Creighton, and John D. Creighton, his nephews and nieces. * * * * That said intestate died seized of divers real and personal estates, and that said real estates descended to the said Mary Lucretia, his wife, for her life, and thereafter to his brothers, sisters, nephews and nieces, said brothers and sisters taking one-fifth part thereof, and the said nephews and nieces taking the

remaining fifth thereof; and the said personal estates descended to the said Mary Lucretia," etc. It is also alleged that Edward Creighton died intestate, and that John A. Creighton, the petitioner, was appointed administrator of his estate; that in January, 1876, Mary Lucretia died, leaving a will wherein she appointed John A. Creighton, James Creighton and Herman Kountze executors, and made divers legacies to said executors and among others to them as trustees for the use of Mary McCrary, during her life and at her death to her children, in equal shares. There is also an allegation that among the personal estate of Edward Creighton were certain mortgages which have been foreclosed, and at the sales the mortgaged premises were bought by the administrator for the estate. There are other allegations as to the condition of the estate and the accounts of the petitioners, to which we deem it unnecessary to call attention, as the only question urged in this court is one of jurisdiction.

The question turns upon the construction to be given to section 289, of chapter 17, of the Gen. Statutes, entitled "Decedents," which prior to the amendment of March 1st, 1881, [Comp. Stat., 247], read as follows: "After the payment of the debts, funeral charges, and the expenses of administration, and after the allowances made for the maintenance of the family of the deceased, and for the support of the children under seven years of age, and after the assignment to the widow of her dower, and of her share in the personal estate, or when sufficient effects shall be reserved in the hands of the executor or administrator, for the above purposes, the district court shall, by a decree for that purpose, assign the residue of the estate, if any, to such other persons as are by law entitled to the same."

The attorney for the appellant insists that section 16, of article VI, of the constitution, takes away the jurisdiction of the district court. The section reads as follows:

"County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlements of estates of deceased persons, appointment of guardians and settlement of their accounts, in all matters relating to apprentices, and such other jurisdiction as shall be given by general law," etc. The words "settlement of estates of deceased persons" evidently refer to the adjustment of the claims and demands in favor or against an estate. They do not necessarily include the word "distribution" which is the act of dividing or making an apportionment.

As was said in the case of *Pleuler v. The State*, 11 Neb., 555, "A statute should not be declared invalid unless it is clearly forbidden by the paramount law." Can it be said that the authority to make settlement of the estates of deceased persons, carries with it the exclusive power to make distribution? We think not. This being the case, the legislature had authority to confer jurisdiction on the district court. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.