GRAND ISLAND TRUST COMPANY, APPELLEE, v. JOLLY F. SNELL ET AL., APPELLANTS.

FILED JULY 3, 1933. No. 28566.

*Sullivan & Wilson* and *Field, Ricketts & Ricketts,* for appellants.

*Squires, Johnson & Johnson* and *Prince & Prince, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY and PAINE, JJ., and LOVEL S. HASTINGS and TEWELL, District Judges.

GOOD, J.

Defendants have appealed from a decree in favor of plaintiff in an action for foreclosure of a real estate mortgage. The petition is in the usual form. Defendants admit the execution of the mortgage and, as a defense, allege that the mortgage created no lien on the realty in question, because the will, under which they acquired title, prohibited the devisees from mortgaging the premises prior to January 1, 1938. In its reply plaintiff alleges that the restrictions on the right to incumber the premises expired in 1926, prior to the execution of the mortgage in controversy; also that defendants, by reason of their rep-

resentations and covenants, are estopped now from denying the validity of the mortgage lien.

The facts are not in dispute. Title to the mortgaged premises was acquired by defendants Jolly F. and William B. Snell under the will of their father, James W. Snell. In 1911 James W. Snell executed a will which contained 'certain provisions respecting the payment of debts, funeral charges and the like, followed by this clause: "Fifth. All the rest and residue of my property, real and personal, after the payment of the obligations in Articles First, Second and Third herein, I give, devise and bequeath in equal shares to my sons Jolly F. Snell and William B. Snell, provided, however, that said sons nor either of them shall have any power, right or authority to sell, contract to sell, mortgage, assign, transfer or incumber or otherwise affect the title or possession of any real estate passing under this instrument prior to September fifth, 1926, except to lease for a term of not exceeding one year at a time, and all attempted transfers or liens prior to said date shall be absolutely void and of no effect and shall not affect the title or possession to any of said real estate."

In 1923 James W. Snell executed a codicil to said will which contained the following provisions:

"It is my will and request that the time to distribute my estate be extended from September 5, 1926, to January 1st, 1938.

"That in the case of the death of my son William B. Snell at any time before the complete distribution of this estate, without issue, his undistributed share is hereby bequeathed to Jolly F. Snell, if alive, and if not alive, to his next of kin."

James W. Snell departed this life in 1924, and the will and codicil were duly admitted to probate. The mortgage in question was executed and dated in 1929.

Defendants concede that, unless the provision of the codicil operates to extend to 1938 the term of the restriction against mortgaging the realty, the mortgage is a

valid lien upon the real estate, but they earnestly contend that the language used in the codicil is sufficient to indicate the purpose and intent of James W. Snell to extend the restriction against the power to mortgage or alien the real estate to January 1, 1938. They argue that, because of the reference to the date, September 5, 1926, that being the termination of the restrictive period fixed in the will, it shows the purpose and intent of the testator to continue the restriction until the later date.

On the other hand, plaintiff contends that the term used in the codicil, "distribute my estate," has reference only to personal property, since realty is never distributed, and that the language used is inapplicable to real estate. It is unquestionably the rule that in legal nomenclature the term "distribution of an estate" ordinarily has reference to personalty and not to realty. *In re Creighton,* 12 Neb. 280; *Williams v. Stonestreet,* 3 Rand. (Va.) 559, 561; *Smith v. Lurty,* 107 Va. 548; *Beard v. Lofton,* 102 Ind. 408.

There is the further provision in the codicil, "his undistributed share is hereby bequeathed." The word "bequeathed" is ordinarily used in reference to personalty, and a disposition of realty in a will is termed a devise, while a disposition of personalty is termed a bequest. 40 Cyc. 994. It is clear that, if testator had reference to personal property in the provisions of his codicil, then it would not affect the lien of the mortgage in this case. But, conceding that testator may have meant by the term "distribute my estate" to have referred to the realty, can it be possible that the term "distribute" can embrace and be construed to mean lack of power to mortgage or alien? To so hold would be an unnatural and strained construction. If testator had reference to his realty in the codicil, it seems more likely that he used the word "distribute" in the sense of division, and where the realty is devised in equal shares to two persons, they take as tenants in common, and neither acquires the whole title to any particular part of the realty until division or partition.

We are of the opinion that the term used in the codicil, indicating the intent of the testator, was to refer to the question of the division or partition of the realty, rather than to extend any restriction against the power to alien or incumber. Intent of a testator to restrict the power of devisee to alien or incumber devised realty must be clearly and unequivocally expressed in the will. Courts will not resort to unnatural or strained construction of the language used in a will to create such a restriction. 2 Devlin, Real Estate (3d ed.) sec. 970, and cases therein cited. We are clearly of the opinion that the language used in the codicil does not operate to extend the term of the restricted period mentioned in the will.

The restriction in the will proper, if valid, did not extend beyond the date therein fixed, namely, September 5, 1926. The mortgage in controversy was executed subsequent to that date and is unaffected by the restriction in the will.

The conclusion thus reached is decisive of the appeal, and it is unnecessary to consider other questions argued and briefed.

The record is free from error. Judgment

AFFIRMED.